FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 17 2026
KHS
ERIK PALTROW
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 26-6138 KG |
| vs. | ) Count 1: 18 U.S.C. § 1343: Wire Fraud; |
| **JAMES JOSEPH OWENS,** | ) Counts 2-3: 18 U.S.C. § 1957: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity. |
| Defendant. | ) |

# INDICTMENT

The Grand Jury charges:

## General Allegations

1. On October 21, 2020, Person 1, a resident of Albuquerque, New Mexico, made a last will and testament giving, devising, and bequeathing all his personal and household effects to his daughter, Person 2, and his wife, Person 3. Person 1 devised the residue of his estate to a trustee under a trust agreement referred to herein as the Family Revocable Trust.

2. Person 1's last will and testament also nominated and appointed the defendant, **JAMES JOSEPH OWENS**, as personal representative for Person's estate. The last will and testament expressly stated, "For his services, the Personal Representative shall receive such compensation as shall be fair, reasonable and customary." Person 1's last will and testament did not, however, give, devise, bequeath any of Person's 1 effects or other property to **JAMES JOSEPH OWENS**. The last will and testament also appointed **JAMES JOSEPH OWENS** as guardian for Person 2, who was then a minor child.

3. Person 1 died on October 17, 2022.

4. On March 16, 2023, a judge of the Probate Court for Bernalillo County, New Mexico, issued an order of informal appointment of **JAMES JOSEPH OWENS** as personal representative in the matter of the estate of Person 1.

5. On March 27, 2023, **JAMES JOSEPH OWENS** opened checking account x0288 at US Bank in the name of **JAMES JOSEPH OWENS** and the Family Revocable Trust and electronically signed a signature card authorizing payment of funds and transaction of business on this account.

6. On March 27, 2023, **JAMES JOSEPH OWENS** deposited a death benefit check for $171,561.12 payable from Northwest Mutual to the Family Revocable Trust into checking account x0288 at US Bank.

7. On April 6, 2023, **JAMES JOSEPH OWENS** opened checking account x0379 at US Bank in the name of **JAMES JOSEPH OWENS** and electronically signed a signature card authorizing payment of funds and transaction of business on this checking account.

8. As of April 6, 2023, **JAMES JOSEPH OWENS** already maintained checking account x0189 at US Bank.

9. As of April 6, 2023, **JAMES JOSEPH OWENS** already maintained an account at Coinbase, a cryptocurrency exchange.

10. **JAMES JOSEPH OWENS** used his access to the assets of the estate of Person 1 to steal and embezzle property from the estate of Person 1, including part of the Northwest Mutual death benefit intended for the benefit of the Family Revocable Trust, through wire communications, monetary transactions, and other unauthorized means, and to use those stolen and embezzled funds for the personal benefit of **JAMES JOSEPH OWENS** in excess of his authority as personal representative of Person 1's estate, including by transferring funds into his

personal accounts from an account specifically designed for Family Revocable Trust assets and by buying cryptocurrency using an account he personally maintained.

Count 1

The Scheme and Artifice

11. Paragraphs 1-10, as set forth above, are incorporated into this part of the indictment as of fully re-alleged herein.

Execution of the Scheme: Count 1

12. From on or about March 27, 2023, and continuing to at least on or about March 31, 2023, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **JAMES JOSEPH OWENS**, with intent to defraud, knowingly and unlawfully devised and intended to devise a scheme and artifice to defraud, and to obtain property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice, caused writings, signs, and signals to be transmitted by means of wire communications in interstate commerce, by conducting a mobile transfer of $50,000 in funds from checking account x0288 at US Bank to checking account x0189 at US Bank.

In violation of 18 U.S.C. § 1343.

Counts 2-3

13. Paragraphs 1-10, as set forth above, are incorporated into this part of the indictment as of fully re-alleged herein.

14. On or about the dates set forth below, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **JAMES JOSEPH OWENS**, knowingly engaged and attempted to engage in the following monetary transactions by, through, and to a financial

institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal and transfer of funds, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343.

| Count | On or About | Amount | Monetary Transaction |
|---|---|---|---|
| 2 | April 6, 2023 | $51,000 | Bank transfer of funds from US Bank account x0189 to US Bank account x0379 |
| 3 | April 6, 2023 | $50,000 | Wire transfer of funds from US Bank account x0379 to Cross River Bank |

In violation of 18 U.S.C. § 1957.

**FORFEITURE ALLEGATIONS**

Count 1 of this indictment is realleged and incorporated as part of this section for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461(c).

Upon conviction of any offense in violation of 18 U.S.C. § 1343, the defendant, **JAMES JOSEPH OWENS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following:

MONEY JUDGMENT

A sum of money representing property constituting or derived from proceeds traceable to the offense(s) set forth in the Count(s) of conviction.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

Counts 2 and 3 of this indictment are realleged and incorporated as part of this section for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(l).

Upon conviction of any offense in violation of 18 U.S.C. § 1957, the defendant, **JAMES JOSEPH OWENS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

MONEY JUDGMENT

A sum of money representing property involved in the offense(s) set forth in the Count(s) of conviction and any property traceable to such property.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney